IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| RECYCLE USA, INC., | : | CASE NO. 09-10513 |
| | : | |
| Debtor. | : | JUDGE WALKER |
| | : | |
| RECYCLE USA, INC., DEBTOR AND COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR, | : | |
| | : | |
| Movants, | : | CONTESTED MATTER |
| vs. | : | |
| FINANCIAL SECURITY ASSURANCE INC., SOLID WASTE MANAGEMENT AUTHORITY OF CRISP COUNTY, GEORGIA, US ETHANOL, LLC, MARTIN CAMPBELL, CAMPBELL TECHNOLOGICAL RESOURCES, INC., SOUTHERN COMMERCE BANK, N.A., TAX COMMISSIONER OF CRISP COUNTY, GEORGIA, UNITED STATES INTERNAL REVENUE SERVICE, GEORGIA DEPARTMENT OF REVENUE, GEORGIA DEPARTMENT OF LABOR, ENVIRONMENTAL PROTECTION DIVISION OF THE GEORGIA, DEPARTMENT OF NATURAL RESOURCES, DE LAGE LADEN FINANCIAL SERVICES, INC., and ROLL-ON EXPRESS | : | |
| Respondents. | : | |

**RENEWED JOINT MOTION BY THE DEBTOR AND COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR AUTHORITY TO SELL ASSETS OF THE DEBTOR AT A PRIVATE SALE PURSUANT TO 11 U.S.C. §363(b) FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES WITH LIENS TO ATTACH TO PROCEEDS OF SALE**

COMES NOW Recycle USA, Inc., Debtor (the "Debtor") in the above-styled Chapter 11 Bankruptcy Case (the "Bankruptcy Case"), and the Official Committee (the "Committee") of

Unsecured Creditors of the Debtor, by and through their respective counsel, and hereby file this Renewed Joint Motion (the "Renewed Motion to Sell") for authority to sell assets of the Debtor at a private sale pursuant to 11 U.S.C § 363(b) free and clear of all liens, claims, and encumbrances with liens to attach to proceeds of sale. In support of the Renewed Motion to Sell, the Debtor and the Committee (collectively, the "Movants") show as follows:

## JURISDICTION AND BACKGROUND

1. This Court possesses jurisdiction to consider this Renewed Motion to Sell pursuant to 28 U.S.C. § 157. Venue lies properly with this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157. The statutory predicates for the relief requested herein are Sections 105 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. Prior to March 18, 2009 (the "Petition Date"), the Debtor operated a recycling business at the facilities located on fifty-three (53) acres of real property located approximately seven (7) miles south of Cordele at 155 Landfill Road, Cordele, Crisp County, Georgia 31015 (including all improvements, easements, privileges, appurtenances, all fixtures and machinery used in connection therewith and attached thereto, and all plants, trees and shrubberies located thereon, collectively referred to as the "Facilities").

3. Prior to the Petition Date, the Debtor leased the Facilities from the Solid Waste Management Authority of Crisp County, Georgia (the "Authority") pursuant to a Lease (as from time to time amended, extended, or modified, the "Lease") With Option (the "Option") to Purchase dated November 30, 2005, pursuant to which the Debtor subsequently exercised the Option entered a certain Agreement for the Purchase and Sale of Real Property ("PSA") with the Authority for the purchase of the Facilities (the "Purchase Right").

4. On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Georgia (the "Court").

5. On November 25, 2009, the Movants filed a Joint Motion (the "Original Sale Motion") for: 1) Authority to Sell Assets of the Debtor Pursuant to 11 U.S.C § 363(b) Free and Clear of all Liens, Claims, and Encumbrances With Liens to Attach to Proceeds; and 2) Approval of Sale and Bidding Procedures to Accomplish the Sale of Substantially All Assets of the Debtor pursuant to which the Movants: a) asserted that it would be in the best interests of the Estate, the creditors of the Estate, and the Debtor for the Debtor to sell substantially all of the assets of the Debtor (the "Assets of the Debtor"); and b) requested authority to conduct a sale of the Assets of the Debtor pursuant to certain sale and bid procedures (the "Sale Procedures").

6. On December 19, 2009, the Court entered an Order (docket no. 159, the "Sale Order") authorizing the Debtor to sell the Assets of the Debtor pursuant to the Sale Procedures.

7. Effective as of January 1, 2010, the Authority, which obtained relief from the automatic stay from a prior Order of the Court, obtained possession of the Facilities from the Debtor.

8. On January 14, 2010, the Court continued the hearing (the "Approval Hearing") to consider approving a sale of the Assets of the Debtor until March 30, 2010, since the Debtor had not received a bid in accordance with the Sale Procedures, but had received a proposal from ReCycled Refuse International Limited or its designee ("RCRI") to purchase the Assets of the Debtor.

9. The Movants seek authority for the Debtor to sell the Assets of the Debtor outside of the ordinary course of business of the Debtor via a private sale (the "Sale") to either RCRI or

another financially capable prospective purchaser (the ultimate purchaser of the Assets of the Debtor shall be referred to hereinafter as the "Purchaser") pursuant to a subsequently executed and exchanged definitive asset purchase agreement (the "APA") between the Purchaser and the Debtor, subject to confirmation of the Sale and approval by the Court.

## RELIEF SOUGHT

10. By this Renewed Motion to Sell, the Movants seek, pursuant to sections 105, 363(b), and 363(f), approval for the Debtor to sell, subject to confirmation and approval by the Court, the Assets of the Debtor via a private Sale to the Purchaser pursuant to the terms of the APA free and clear of all liens, claims, interests, and encumbrances with such liens to attach to the proceeds of the Sale.

## TERMS OF PROPOSED SALE

11. The terms of the Sale of the Assets of the Debtor at a private sale free and clear of liens, claims, interests, and encumbrances under 11 U.S.C. §363(f), except as provided in the APA, shall be set forth in a subsequently executed and exchanged definitive APA between the Purchaser and the Debtor.

12. Any Sale of the Assets of the Debtor shall be subject to the further approval and confirmation of this Court to protect the interests of creditors and to be certain of good faith compliance with the terms of the Bankruptcy Code.

13. The assumed liabilities related to any Sale of the Assets of the Debtor will include specific debts secured by specific collateral to be further defined in the APA. Certain of the Respondents[1] have or claim an interest in the Assets of the Debtor and a number of these claims of the Respondents are in dispute. For each claim that is not in dispute, the claim holder will either be fully paid or has, or is expected to, consent to the Sale so as to make the

---

[1] The Respondents are defined and described in detail in the Sale Motion.

Sale appropriate under 11 U.S.C. §363(f). Attached as Exhibit "A" to the Original Sale Motion and incorporated by reference is a chart identifying the lien holder or claimant identifying the collateral, identifying the nature of the claim and approximate value of the claim, or if the value is in dispute, showing the value in dispute, and identifying whether the claimant has or is likely to consent to the Sale of the Assets of the Debtor. If a valid secured obligation cannot be assumed or paid, the collateral will be surrendered. In no case shall any secured creditor assert an interest in the proceeds of the Sale of the Assets of the Debtor or in any of the assets of the Debtor excluded from the Sale of the Assets of the Debtor.

14. The liabilities assumed by the Purchaser will also include certain leases. Part of the Sale transaction is the assignment of certain leases and executory contracts, including those that are more fully set forth on Exhibit "B" attached to the Original Sale Motion and incorporated by reference. Certain leases may be subject to certain pre-petition defaults. The cure amount is identified on Exhibit "B" attached to the Original Sale Motion. The Debtor proposes to assume and assign certain leases pursuant to 11 U.S.C. §365, as it is believed that each of these leases will be necessary for the effective continued operation of the Facilities. Assignment of the leases and executory contracts to be assigned will be subject to all provisions thereof, except as modified by the parties or by the Court, or as may be subsequently negotiated by the parties. The assignment of all of the Debtor's rights, title and interest in and to the unexpired leases and executory contracts will not constitute a breach of, or default under the leases or contracts. Pursuant to 11 U.S.C. §365(k), the Debtor shall be relieved, from the date of the assignment, of any further liability with the respect to the assigned leases or executory contracts. Any leases or executory contracts not reflected on

Exhibit "B" to the Original Sale Motion may likewise be assigned on appropriate Court authority.

15. There may exist other claimants, unknown to the Debtor, including, but not limited to, those who may claim successor liabilities against the Purchaser (tax claims, tort claims, etc.), and the Debtor intends to convey to the Purchaser the Assets of the Debtor free and clear of any such liabilities other than the specific obligations assumed by the Purchaser as set forth in the APA approved by the Court, and requests that the Sale of the Assets of the Debtor be approved by the Court as one that precludes all other claims including successor liabilities against purchaser under 11 U.S.C. §363.

16. Unless expressly provided for in a subsequent Order by the Court, pursuant to 11 U.S.C. §363(f), all persons or entities holding any lien, claim, encumbrance, interests or matters of any kind or nature with respect to the Assets of the Debtor will be barred by a final Order approving the sale of the Assets of the Debtor from asserting with regard to the Assets of the Debtor any lien claim, encumbrance, interest or matter of any kind, or nature against the Purchaser, its successor or assigns, against the property, unless such lien or claim is expressly assumed by the Purchaser.

17. As part of the transfer of the Assets of the Debtor, the Purchaser must agree to assume, pay, and perform and discharge, all of the obligations of the Debtor accruing from and after the closing date, with respect to the obligations of the Debtor to the named Respondents or any other liabilities assumed by the Purchaser as specifically set forth in the APA approved by the Court. Upon final closing and any Sale approved by the Court, the Debtor shall be released and discharged from any obligation arising from the liabilities assumed by the

Purchaser and the Purchaser shall hence forth be the sole obligor on the liabilities assumed by the Purchaser.

18. All state and local taxing authorities are prohibited under 11 U.S.C. §1146 from imposing a transfer tax, gains tax, or summary tax, as a result of or arising from the transfer by the Debtor to the Purchaser of the Assets of the Debtor, or the receipt by the seller of the cash benefits from the transaction. Specifically, 11 U.S.C. §1146(c) prohibits the imposition of a "stamp tax" or "transfer tax" if relating to a transfer of property of a debtor-in-possession "under a plan confirmed", and the sale, if approved by the Court, shall be deemed to be governed by that subsection, as the Sale will serve to facilitate a plan of liquidation pursuant to the Bankruptcy Code and will be incorporated therein by reference.

19. The Debtor also contemplates that the Purchaser will exercise the Purchase Right of the Debtor to acquire the Facilities from the Authority and may also acquire the assets of U.S. Ethanol, LLC, Debtor in case no. 10-10208 as well as part of the overall transaction.

### STANDARDS FOR APPROVING THE SALE

20. Section 363 of the Bankruptcy Code authorizes, after notice and a hearing, property of the Estate to be used, sold, or leased other than in the ordinary course of business of the Debtor. *See* 11 U.S.C. § 363(b)(1). Section 105 of the Bankruptcy Code grants to the Court the authority to "issue any order, process or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21. A sale of all or substantially all of the assets of a Debtor should be authorized if the Debtor demonstrates that: a) a sound business purpose exists for doing so; b) adequate and reasonable notice of the proposed sale has been given; c) the sale is proposed in good faith; and d) the proposed purchase price is fair, reasonable, and adequate. *See Committee of*

*Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2nd Cir. 1983); *Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272 (N.D. Ga. 1985).

22. The factors to be considered in determining if there is a sound business purpose for the sale include the proportion of value of the asset to the Estate as a whole, the effect of the proposed disposition on a future plan of reorganization, the proceeds to be obtained from the sale versus the appraised value of the property, and whether the asset is increasing or decreasing in value. *See In re Lionel Corp.*, 722 F.2d at 1071.

23. The decision to sell substantially all of the assets of the Debtor is supported by a sound business justification, including, but not limited to:

    a. The Debtor is unable to obtain sufficient financing to complete the purchase of the Facilities and is at risk of losing the primary asset of the Estate in the form of the Purchase Right to the Facilities if the Debtor is unable to purchase the Facilities or sell the interest of the Debtor in the Facilities;

    b. The actual value of the assets of the Estate is less than the total debt obligations of the Debtor, including the total amount of allegedly secured debt and unsecured debt;

    c. The Debtor has lost possession of the Facilities and does not have sufficient time to propose a plan of reorganization incident to which the Debtor may propose a sale of the Assets of the Debtor;

    d. After a diligent search, the Debtor has not been able to secure sufficient long-term financing to permit the Debtor, as a reorganized debtor, to operate the business operations of the Debtor; and

    e. Accordingly, a reorganization plan pursuant to which the Debtor retains the Assets of the Debtor and restructures the debt of the Debtor does not appear to be feasible.

24. After a thorough review of the business of the Debtor, the current financial condition of the Debtor, the reasonable financial outlook of and prospects for the business of the Debtor, and current liquidity position of the Debtor, the Movants, in an exercise of the sound business judgment of the Movants, have determined that the sale of the Assets of the Debtor as described herein and to be further detailed in an APA is in the best interest of the Estate, creditors of the Estate, and all other interested parties.

25. The proposed Sale of the Assets of the Debtor is the only way to maximize the value of the assets of the Estate and compelling business reasons require that a sale occur prior to the confirmation of a plan of liquidation, including that the Debtor will lose the primary asset of the Debtor in the form of a Purchase Right to the Facilities if the Court does not approve a prompt sale, which would result in the Estate receiving substantially less than the Estate may realize from a prompt sale of the Assets of the Debtor.

26. Accordingly, pursuant to § 363(f) of the Bankruptcy Code, the Movants request that the Court authorize the Sale of Assets of the Debtor to the Purchaser free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims or encumbrances to attach to the proceeds of the Sale of the Assets of the Debtor.

### A FINDING THAT THE SALE IS IN GOOD FAITH

27. The Movants further seek the protections afforded to a purchaser with regard to sale transactions under § 363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith.

28. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. *See In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).

29. The Movants reserve the right to provide evidence supporting a finding by the Court that the proposed method of conducting the sale of Assets of the Debtor is reasonable and appropriate and that the Purchaser is entitled to the protections of Section 363(m) of the Bankruptcy Code as all parties are acting in good faith. The Movants will also establish at a hearing that: a) the APA was negotiated at arms length; b) neither the Movants nor the Purchaser has engaged in any conduct that would allow this Sale of the Assets of the Debtor to be set aside pursuant to 363(n) of the Bankruptcy Code; and c) the Purchaser is bona fide purchaser and is not an insider of the Debtor.

WHEREFORE, the Movants jointly, respectfully request that the Court enter an Order that:

a. GRANTS the relief sought in this Renewed Motion to Sell;

b. Finds that a private sale of substantially all Assets of the Debtor, or any portion thereof, of the Debtor under 11 U.S.C. § 363(b) and §363(f) is in the best interest of the Debtor, the Estate, and all parties-in-interest in the Bankruptcy Case;

c. Authorizes the Debtor to sell, subject to confirmation and approval by the Court, the Assets of the Debtor at a private Sale to the Purchaser free and clear of all liens, claims, interests, and encumbrances with such liens to attach to the proceeds of the Sale of the Assets of the Debtor;

d. Approves the Sale of the Assets of the Debtor subject to parameters set forth herein;

e. Approves the Sale of the Assets of the Debtor pursuant to 11 U.S.C. §363(b) free and clear of all liens, claims, interests, and encumbrances with liens to attach to proceeds of the sale of the Assets of the Debtor; and

f. Grants such other and further relief as the Court deems just and proper.

Respectfully submitted, this 5th day of March, 2010.

/s/Wes J. Boyer
Wes J. Boyer
Georgia Bar No. 073126
Counsel for Recycle USA, Inc., Debtor

Of Counsel:
Katz, Flatau & Boyer, LLP
355 Cotton Avenue
Macon, Georgia 31201
(478) 742-6481

JAMES C. FRENZEL, P.C.
/s/James C. Frenzel
James C. Frenzel
Georgia Bar No. 276830
Counsel for the Committee of Unsecured Creditors of Recycle USA, Inc., Debtor

Of Counsel:
James C. Frenzel, P.C.
Suite 155, East Tower
Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 266-9961
Jcf-bklaw@mindspring.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| RECYCLE USA, INC., | : | CASE NO. 09-10513 |
| | : | |
| Debtor. | : | JUDGE WALKER |
| | : | |

**NOTICE OF: 1) CONTINUED HEARING REGARDING SALE OF ASSETS OF THE DEBTOR; AND 2) HEARING ON RENEWED JOINT MOTION BY THE DEBTOR AND COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR AUTHORITY TO SELL ASSETS OF THE DEBTOR AT A PRIVATE SALE PURSUANT TO 11 U.S.C. §363(b) FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES WITH LIENS TO ATTACH TO PROCEEDS OF SALE**

   **PLEASE TAKE NOTICE** that the hearing on the Joint Motion (the "Original Sale Motion") by Recycle USA, Inc., Debtor (the "Debtor") and the Official Committee (the "Committee") of Unsecured Creditors of the Debtor in the above captioned Bankruptcy Case (the "Bankruptcy Case") for: 1) authority to sell assets of the Debtor pursuant to 363(b) free and clear of all liens, claims, and encumbrances with liens to attach to proceeds; and 2) approval of sale and bidding procedures to accomplish the sale of substantially all assets of the Debtor has been continued by the United States Bankruptcy Court (the "Court") from 11:00 a.m. on Tuesday, January 26, 2010, and will be heard by the Court in Courtroom B of the United States Bankruptcy Court, 433 Cherry Street, Macon, Georgia 31202 **at 11:00 a.m. on Wednesday, March 30, 2010** (the "Continued Hearing").

   **PLEASE ALSO TAKE NOTICE THAT** the Debtor and the Committee have filed a Renewed Joint Motion (the "Renewed Motion to Sell") for authority to sell assets of the Debtor at a private sale pursuant to 11 U.S.C § 363(b) free and clear of all liens, claims, and encumbrances with liens to attach to proceeds of sale. In the Renewed Motion to Sell, the Committee and the Debtor seek approval for the Debtor to sell the assets of the Debtor via a private sale free and clear of all liens, claims, interests, and encumbrances with such liens to attach to the proceeds of the sale of the assets of the Debtor.

   **YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy Case. If you do not have an attorney, you may wish to consult one.

   **TAKE FURTHER NOTICE THAT** a hearing on the Renewed Motion to Sell will be held at the same time as the Continued Hearing on **March 30, 2010, at 11:00 a.m. in Courtroom B of the United States Bankruptcy Court, 433 Cherry Street, Macon, Georgia 31202** (collectively with the Continued Hearing, the "Hearing").

   **PLEASE TAKE FURTHER NOTICE THAT** if you do not want the Court to either grant the relief requested in the Renewed Motion to Sell or approve a sale of the assets of the Debtor or if you want the Court to consider your views regarding such matters, then you and/or your attorney must: 1) file a written response or objection (the "Response") to the relief sought in the Renewed

Motion to Sell or the authorization of a sale of the assets of the Debtor with the Clerk at the Office of the Clerk, United States Bankruptcy Court, 433 Cherry Street, P.O. Box 1957, Macon, Georgia 31202, so that such response is received on or before **March 26, 2010**; and 2) attend the Hearing scheduled for **March 30, 2010, at 11:00 a.m.** in **Courtroom B of the United States Bankruptcy Court, 433 Cherry Street, Macon, Georgia 31202**. If you file a Response, you or your attorney must also: 1) mail or deliver a copy of such Response to Counsel for the Debtor and Counsel for the Committee at their respective addresses as shown below so that such response is received on or before **March 26, 2010**; and 2) attach a certificate of service stating when, how, and on whom (including addresses) you served your Response.

Any Response that is not filed and timely served is waived and barred. If you or your attorney do not timely file and serve a Response, the Court, without further notice or hearing, may: 1) cancel the Hearing; 2) decide that you do not oppose the relief sought in the Original Sale Motion or the Renewed Motion to Sell or the authorization of a sale of the assets of the Debtor; and 3) enter an order approving and granting the relief sought in the Original Sale Motion and/or the Renewed Motion to Sell and authorizing the Debtor to sell its assets at a private sale subject to confirmation of such sale by the Court.

**PLEASE TAKE NOTICE THAT** the Renewed Motion to Sell may be reviewed during normal business hours at the Office of the Clerk, United States Bankruptcy Court, 433 Cherry Street, Macon, Georgia 31202, at the office of Counsel for the Debtor, or at the office of Counsel for the Committee at their respective addresses shown below.

This 5th day of March, 2010.

/s/Wes J. Boyer
Wes J. Boyer
Georgia Bar No. 073126
Counsel for Recycle USA, Inc., Debtor

Of Counsel:
Katz, Flatau & Boyer, LLP
355 Cotton Avenue
Macon, Georgia 31201
Tel: (478) 742-6481
Fax: 478) 742-0108
wjboyer_2000@yahoo.com

/s/James C. Frenzel
James C. Frenzel
Georgia Bar No. 276830
Counsel for the Committee of Unsecured
Creditors of Recycle USA, Inc., Debtor

Of Counsel:
James C. Frenzel, P.C.
Suite 155, East Tower
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel: (404) 266-9961
Fax: (404) 442-2780
jcf-bklaw@mindspring.com